803 So.2d 782 (2001)
STATE of Florida, Appellant,
v.
S.T., a child, Appellee.
No. 4D00-4424.
District Court of Appeal of Florida, Fourth District.
November 28, 2001.
Robert A. Butterworth, Attorney General, Tallahassee, and Marrett W. Hanna, Assistant Attorney General, West Palm Beach, for appellant.
Carey Haughwout, Public Defender, and Ellen Griffin, Assistant Public Defender, West Palm Beach, for appellee.
PER CURIAM.
The trial court adjudicated appellee delinquent for the offenses of grand theft and burglary of a dwelling. Among the items stolen in the burglary were two firearms. The trial court did not commit appellee to a residential commitment program for these offenses, but rather placed him on community control under the Department of Juvenile Justice for the maximum term of fifteen years. The State contends that the trial court erred when it credited appellee with fifteen days for time served in detention. We agree, and reverse.
Section 790.22(9), Florida Statutes (2000), provides:
Notwithstanding s. 985.214, if the minor is found to have committed an offense that involves the use or possession of a firearm, as defined in s. 790.001, other than a violation of subsection (3), or an offense during the commission of which the minor possessed a firearm, and the minor is not committed to a residential commitment program of the Department of Juvenile Justice, in addition to any other punishment provided by law, the court shall order:
(a) For a first offense, that the minor shall serve a minimum period of detention of 15 days in a secure detention facility;....
(Emphasis added.) Section 790.22(9) also provides:
The minor shall not receive credit for time served before adjudication. For the purposes of this subsection, community *783 service shall be performed, if possible, in a manner involving a hospital emergency room or other medical environment that deals on a regular basis with trauma patients and gunshot wounds.
We are not persuaded by appellee's argument that because he had been committed to and was awaiting placement in a residential program as the result of a prior offense, the statute does not apply to him. The language of the statute is mandatory.
Accordingly, we reverse and remand with instructions to delete the provision for fifteen days credit for time served from the disposition order.
REVERSED AND REMANDED
DELL, KLEIN and SHAHOOD, JJ., concur.